# EXHIBIT A

COMMONWEALTH OF MASSACHUSETTS

SUFFOLK, SS     003452 SP 29 10

BOSTON MUNICIPAL COURT
CIVIL ACTION NO.

STEPHEN BANDAR, )
    Plaintiff )
     )
v. )
     )
HYATT REGENCY BOSTON )

## COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiff, Stephen Bandar, ( hereinafter referred to as "Mr. Bandar") brings this action to recover for the damages sustained by him through the actions and failure of Hyatt Regency Boston ( hereinafter referred to as "Hyatt Regency"), in connection with Defendants' breach of contract, discrimination, and intentional conduct, which resulted in monetary and emotional distress to Mr. Bandar.

### FACTS COMMON TO ALL COUNTS

1. Ms. Bandar resides in Winchester, Massachusetts, Middlesex County.

2. Defendant Hyatt Regency Boston at all times relevant to this Complaint, had a principal place of business located at 1 Avenue de Lafayette Boston, MA.

3. Mr. Bandar and his then fiancé, Josie Silveira planned a wedding to take place at the Hyatt Regency on September 5, 2009.

4. Mr. Bandar worked directly with Ms. Jennifer Nicholson of the Hyatt Regency. Ms. Nicholson stressed the importance of Hyatt's goal to make the customer fully satisfied.

5. Ms. Nicholson told Mr. Bandar he needed to leave a deposit before food tasting to show "good faith."

6. Mr. Bandar was presented with a four (4) page contract from the Hyatt. Ms. Nicholson stated that all items in the contract could be changed and that no food and drink decisions have been solidified.

7. Ms. Nicholson stated to Mr. Bandar that all food and beverage selections in addition to amount of guests would be included for a flat fee of $15,000.00.

8. Mr. Bandar signed the agreement based on these representations.

9. Mr. Bandar was never provided a signed agreement from the Hyatt or any of its representatives.

10. Ms. Nicholson never signed the agreement until a dispute arose several months later.

11. Mr. Bandar had explicitly told Ms. Nicholson that he and his fiancé could not have alcohol or dancing at the wedding.

12. Mr. Bandar's fiancé, as a member of a religious congregation that does not allow alcohol or drinking was adamant to follow her religious beliefs.

13. General Manager of the Hyatt Regency, Philip Stamm, said that Mr. Bandar and his fiancé must have dancing and alcohol.

14. Mr. Stamm further discriminated against Mr. Bandar and Ms. Silveira as he went on to say that the Hyatt Regency required dancing and alcohol at a wedding and would not host the Bandar-Silveira wedding at the Hyatt.

15. On April 30, 2009 Mr. Bandar sent an email to Ms. Nicholson letting her know that he would not be going forward with the plans for September 5, 2009.

16. Following Mr. Bandar's plans, Hyatt Corporation charged Mr. Bandar's credit card an additional amount of $5,000.00 without authorization or consent from Mr. Bandar.

17. On April 22, 2010, the Plaintiff, through his attorney, sent to the Defendants via certified mail a formal demand letter pursuant to Massachusetts General Laws, Chapter 93A, requesting a refund of the monies paid.

18. To date, the Defendants have made no reasonable settlement offer respect to the Chapter 93A Demand letter.

## COUNT I (FRAUD)

19. Mr. Bandar repeats and reavers the allegations set forth in the above paragraphs as if fully stated herein.

20. The sole and proximate cause of Plaintiff's damages were Defendants' fraudulent conveyance of funds and intent to induce Plaintiff into a fraudulent contract.

21. Defendants, failed to immediately resolve the monetary damage.

22. As a result of Defendants' Fraud, Plaintiff has sustained severe emotional and monetary distress.

23. The Defendants are jointly and severally liable for all damages sustained by Plaintiff, including actual, consequential, and incidental damages.

## COUNT II

### (BREACH OF CONTRACT PURSUANT TO M.G.L. c. 259 §1)

24. Mr. Bandar repeats and reavers the allegations set forth in the above paragraphs as if fully stated herein.

25. The Defendant, through its agents and employees contracted with the Plaintiff to host the Bandar-Silveira wedding.

26. The failure of the Defendant to fully execute and sign a copy of the contract and provide it to Plaintiff amounted to a breach with respect to said contract.

## COUNT III
## INTENTIONAL OR RECKLESS INFLICTION OF EMOTIONAL DISTRESS

27. Mr. Bandar repeats and reavers the allegations set forth in the above paragraphs as if fully stated herein.

28. By intentionally not signing a contract with Plaintiff and denying Plaintiff the right to his beliefs by demanding that he has alcohol and dancing at said wedding Defendants caused Plaintiff emotional and monetary damages.

29. Said damages were the direct and proximate result of the Defendants' actions, or lack thereof.

30. The Defendants' actions transcended all bounds of decency by human standards.

31. The Defendants' actions were intentional and/or reckless.

32. The Defendants' actions were outrageous.

33. Defendants' actions were continuous.

34. Defendants knew or should have known that its actions would cause damages to Plaintiffs.

35. As a result of the Defendants' actions, Plaintiff has suffered extreme monetary and emotional damages continuous to this day.

## COUNT IV
## VIOLATION OF 93A

36. Mr. Bandar repeats and reavers the allegations set forth in the above paragraphs as if fully stated herein.

37. Plaintiff's Chapter 93A demand letter clearly sets forth the issues of liability, breach of contract and damages, thereby mandating the Defendant to make a reasonable settlement pursuant to Massachusetts General Laws, Chapter 93A.

38. The failure of the Defendant to meet its obligation to reach a fair and equitable settlement of the Plaintiff's claim not only delays justice, but places the additional burden upon the Plaintiff of having to resort to Court to obtain the force of a judgment for the Defendant to do its duty.

WHEREFORE, Plaintiff, Stephen Bandar, prays for judgment against Defendant as follows:

1. by holding Defendants jointly and severally liable for all the monetary and emotional distress, including past, present, and future damages, which it has caused the Plaintiff;

2. for direct, statutory, incidental, consequential, and punitive compensation for injuries caused by Defendants as described above;

3. compensate Plaintiff for all the pain and suffering, which Defendants have caused the Plaintiff.

4. for attorney's fees, treble damages with respect to Count IV, prejudgment interest, and costs; and

5. for any other relief that the Court deems just.

**Plaintiff respectfully requests a jury trial in this matter.**

Dated:  September 28, 2010

                                                Respectfully submitted,
                                                Plaintiff, Stephen Bandar,
                                                By his attorney,

                                                Soraya Sadeghi, Esquire
                                                BBO # 666792
                                                101 Tremont Street, Ste 404
                                                Boston, MA 02108
                                                Ph: 617-357-0003

| STATEMENT OF DAMAGES G.L. c. 218, § 19A (a) | Docket No.: | Trial Court of Massachusetts District Court Department |
|---|---|---|
| | Division: Brookline District Court | |
| Plaintiff(s) Stephen Bandar | | Defendant(s) Hyatt Regency Boston |

**INSTRUCTIONS:** THIS FORM MUST BE COMPLETED AND FILED WITH THE COMPLAINT OR OTHER INITIAL PLEADING IN ALL DISTRICT COURT CIVIL ACTIONS SEEKING MONEY DAMAGES.

### TORT CLAIMS — AMOUNT

A. Documented medical expenses to date:
   1. Total hospital expenses: $_____
   2. Total doctor expenses: $_____
   3. Total chiropractic expenses: $_____
   4. Total physical therapy expenses: $_____
   5. Total other expenses (Describe): _____ $_____

B. SUBTOTAL for lines 1-5 above: $_____
C. Documented lost wages and compensation to date: $_____
D. Documented property damages to date: $_____
E. Reasonable anticipated future medical and hospital expenses: $_____
F. Reasonably anticipated lost wages: $_____
G. Other documented items of damage (Describe): _____ $_____

For this form, disregard double or treble damage claims, indicate single damages only.

**TOTAL TORT CLAIMS for lines B-G above:** $_____

H. Brief description of Plaintiff's injury, including nature and extent of injury (Describe):—_____

### CONTRACT CLAIMS — AMOUNT

Provide a detailed description of claim(s): Hyatt Regency Hotel charged Plaintiff's credit card without authorization and did not provide services. Hyatt Regency Hotel discriminated against Plaintiff.

$_____
$_____
$_____

For this form, disregard double or treble damage claims; indicate single damages only.

**TOTAL CONTRACT CLAIMS:** $ 20,000.00

---

ATTORNEY FOR PLAINTIFF (OR PRO SE PLAINTIFF):

Signature: _(signed)_
Type Name: Soraya Sadeghi, Esquire
Address: 101 Tremont Street Suite 404
Phone: 617 357 0003
B.B.O.#: 666792
Date: 09/28/2010

DEFENDANT'S NAME AND ADDRESS & PHONE:

Hyatt Regency Boston
1 Avenue de Lafayette Street
Boston, MA

08/06